UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BRUCE A. ROUSE,

    Plaintiff,         No. C 13-1020 PJH (PR)

 vs.              **ORDER OF DISMISSAL**

EDMUND G. BROWN, et. al.,

    Defendants.
            /

   Plaintiff, a state prisoner currently incarcerated at Corcoran Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

**A. Standard of Review**

   Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that the entire California prison system is severely overcrowded as demonstrated by the favorable decision in *Brown v. Plata*, 131 S.Ct. 1910 (2011).  Plaintiff seeks damages in the amount of one hundred and five million dollars, to be released from prison and have his criminal record expunged.  Plaintiff provides no specific allegations regarding how the overcrowding has adversely affected him, instead discussing the history of several prison class action cases and concluding that he is entitled to the relief he requests.  Named as defendants are the governor, director of CDCR and the state court judge who sentenced plaintiff to prison.

Allegations of overcrowding, alone, as plaintiff has alleged here, are insufficient to state a claim under the Eighth Amendment.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989).  Plaintiff's claim is cognizable where it is alleged that crowding has caused an increase in violence or has

reduced the provision of other constitutionally required services, or has reached a level where the institution is no longer fit for human habitation. *See Balla*, 869 F.2d at 471. Here, plaintiff has not alleged specific injuries he has suffered due to the overcrowding.

To the extent plaintiff may be seeking equitable and injunctive relief involving the very same events and same claims being litigated in the above class action, his claims still fail. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc). Individual members of the class, like plaintiff, "may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." *Id*. For these reasons, dismissal is appropriate because this type of relief can be granted only in the class actions. *See Spears v. Johnson*, 859 F.2d 853, 855 (11th Cir. 1988), vacated in part on other grounds, 876 F.2d 1485 (11th Cir. 1989); *Gillespie*, 858 F.2d at 1102.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); s*ee also*, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff leave to amend would be patently futile based on the discussion above, as plaintiff has not even attempted to allege an injury.

**CONCLUSION**

This action is **DISMISSED** with **PREJUDICE** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated: March 22, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Rouse1020.dis.wpd

United States District Court
For the Northern District of California